## CLEVELAND RY CO v LEANZA

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9888. Decided May 6, 1929

Messrs. Squire, Sanders & Dempsey, Cleveland, for Cleveland Ry Co.

Mr. Geo. Spooner, Esq., Cleveland, for Leanza.

**VICKERY, PJ.**

Now the plaintiff's theory of this case was that the automobile in which she was riding being driven at a moderate rate of speed on the street and without any fault of the driver, was crowded over and got Railroad Company been exercising that into a place of danger and then had the degree of care which it should ordinarily

exercise upon the streets, it could have stopped the street car in time to have avoided the accident. The jury might well believe that this car was coming down there at a high and dangerous rate of speed from the record.

There is evidence to show that even if the driver of this automobile was guilty of negligence in coming into that place of danger, the doctrine of last clear chance was involved, and according to the evidence he came to a stop and had ceased to become negligent, but was in a dangerous place, and the Railroad Company in the exercise of ordinary care could have prevented this accident. But assuming that the driver of this car was guilty of negligence in getting into a place of danger and had not ceased to be guilty of negligence, could his negligence be imputed to the plaintiff, who was a passenger in the automobile? In order to get around the question as to her being a passenger, the Railroad Company seeks to hold her responsible in the driving of this car, in that the driver was her agent, because there is some loose talk in the record about her having some lottery tickets and while they were down-town they would see whether that lottery ticket had won a prize,—an automobile, I believe,—and from this statement it is seriously argued that the driver of the automobile was the agent of this plaintiff and, therefore, his negligence was her negligence.

This court in several cases has taken occasion to lay down the rule with respect to the duty of a passenger in a car. We do not think that because the driver was to do something in the interests of the plaintiff that made her any less a passenger in the car. If such a principle of law were established, it will be a very dangerous proposition indeed for anybody to ride in the car with another; that is, to accept an invitation to ride with another when that driver is to let him off at a particular place, because if the argument of the learned counsel for the Railroad Company is sound, the driver will be the agent of the passenger and, therefore, the passenger could not recover, no matter how badly he might be injured by the negligence of a third person, if the negligence of the driver of the car in any way contributed to this injury.

We do not think the record shows that this plaintiff was anything other than a passenger, and there is nothing in this record to show that she was cognizant of anything or was called upon to exercise any care or control over the driver in the least, and so we think that even if the driver of this car was negligent, she was not his master, nor in control of the car in such a manner that his negligence could not be imputed to her; and so the sole question, we think, is whether the Railroad Company was guilty of any negligence which contributed to this injury. This matter was fairly submitted to the jury under a charge which has been criticised, but which we do not find subject to criticism; and the jury found under the instructions of the court against the Railway Company's contention. Neither do we think, from the evidence in this case, nor

has it been seriously argued, that this verdict is so excessive that it would tend to show the influence of passion or prejudice upon the part of the jury.

Now that brings us to the last proposition: Did the court err in refusing to grant a new trial on a motion, on the ground of newly discovered evidence? The court found, as is undoubtedly true, that this evidence is merely cumulative, and it is not at all to be expected that the verdict would have been any different had this evidence been introduced. This court has taken occasion to lay down the rule as to when it is the duty of the trial court to grant a motion for a new trial on the ground of newly discovered evidence, and that is to the effect that the evidence must be such that in all probability had it been available and introduced in court, the verdict would have been the other way. We cannot say that that would be true in the instant case. The court having this matter before it, was better able to judge than we, of the whole situation.

There is one thing, however, that is brought out in argument which rather corroborates the theory of the plaintiff in this lawsuit and tends to rebut the theory of the Railway Company. I will admit that from the statement of counsel in this case, this member of the Court got the notion that the automobile in which the plaintiff was riding was being driven on the wrong side of the street and not until we got the whole situation and after several inquiries, did we find that the automobile in which the plaintiff was riding, was on the right side of the street but over toward the center of the street, driving on the railroad track, if you please, but still in the street; and of course, being crowded over it got beyond the center of the street in the way of the oncoming east bound street car, and the front of the east bound street car struck the hind end of the automobile in which the plaintiff was riding. Now from the affidavits that were filed on a motion for a new trial as to newly discovered evidence, we find that an automobile standing headed west close to the curb on the right side of the street as a tire had blown out and they were repairing the tire. Now the evidence shows there is room for only one automobile between the car tracks and the curb. The record also shows that there were two lines of traffic side by side going down Union Avenue toward town. The learned counsel for the Railway Company naively queries how that could be, when there is only room for one automobile between the railroad track and the curb. and the simplicity of this inquiry is rather intriguing because even though a street car company occupies, in this instance, most of the street with its two lines of tracks, it is still a public street and vehicles can drive on the street car track; and if two lines of traffic were going side by side, one of these lines must be on the street car track. Now if this were so, and the evidence showed that it was so, when these two lines of traffic came to where this car was parked while they were mending a tire blowout, the car that was closest to the curb would natural-

ly crowd over to escape that obstruction and that would crowd over the car in which the plaintiff was riding on to the other track, and, I take it, that is how this accident happened. When the driver of the car in which plaintiff was riding saw the street car coming, he sought to get back, but could not because of the traffic and so got as far as he could and stopped and was in that position when he was struck by the oncoming street car. Now instead of this newly discovered evidence being used as ground for a new trial, it explains almost conclusively how this accident happened, and if the Railroad Company had been exercising the degree of care which it is incumbent upon it to exercise in the operation of its street cars upon the streets, it could have seen that this automobile was in a place of danger and could have avoided the accident.

We have gone over this entire record and heard the arguments of counsel and we cannot but see that it was fairly submitted to the jury, and the jury were the best judges which we think was not erroneous, as to just how this accident happened, and their findings being in favor of the plaintiff, we do not feel called upon to disturb the verdict.

The judgment will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.